IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RYAN D. SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 2:13cv461-WHA |
| CIGNA CORPORATION; CIGNA ) | |
| GROUP INSURANCE; LIFE INSURANCE ) | (wo) |
| COMPANY OF NORTH AMERICA; and ) | |
| UNITED TECHNOLOGIES CORPORATION) | |
| WELFARE BENEFITS PLAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss Count II of the Plaintiff's Complaint filed by Life Insurance Company of North America ("LINA") and United Technologies Corporation Welfare Benefits Plan ("UTC") (Doc. #9), a Motion to Dismiss Cigna Corporation filed by Cigna Corporation (Doc. #11), a Motion to Dismiss Cigna Group Insurance filed by LINA (Doc. #13), and the Plaintiff's Motion to Strike Doc. 11-2 or, in the Alternative, to Convert Defendant's Motion to Dismiss Cigna Corporation from a Motion to Dismiss to a Motion for Summary Judgment (Doc. #21).

The Plaintiff, Ryan D. Spivey, filed a Complaint in this case on June 28, 2013 bringing claims under the Employee Retirement Income Security Act ("ERISA"). In the Complaint he brings a claim for benefits under an employee welfare benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count I), a claim for breach of fiduciary duty (Count II), and a claim for failure to

provide documents under 29 U.S.C. § 1132(c) (Count III).[1]

Defendant Cigna Corporation has moved for dismissal on the basis of a lack of personal and subject matter jurisdiction, improper venue, and failure to state a claim; Defendant LINA moved to dismiss Defendant Cigna Group Insurance on the basis of a lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim; and LINA and UTC have moved to dismiss Count II of the Complaint for failure to state a claim. The Plaintiff, Ryan Spivey, seeks to have the court strike evidence, or convert Cigna Corporation's motion into a Motion for Summary Judgment.

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED and the Motion to Strike is due to be DENIED.

## II.  APPLICABLE STANDARDS

### A.  MOTION TO DISMISS FOR LACK SUBJECT MATTER JURISDICTION

---

[1] 29 U.S.C. 1132 provides in relevant part as follows:
(a) Persons empowered to bring a civil action

A civil action may be brought--

(1) by a participant or beneficiary--

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

* * *

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529.

### B.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which the court exercises its discretion not to hold an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted). Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Id.*

### C.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the

elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Ryan D. Spivey ("Spivey"), had been employed by United Technologies Corporation in Auburn, Alabama, as a machinist. The United Technologies Corporation welfare benefits plan is funded by a LINA insurance policy.

Spivey was injured in October 2002 and unable to continue working as a machinist. He filed a claim for short-term disability benefits in April 2003. He was denied benefits, but the decision was made to reinstate benefits after Spivey appealed the denial of benefits. In May 2005, Spivey was notified that his benefits would end. Spivey appealed, and the decision to deny benefits was overturned, but benefits were not paid until October 2010.

In March 2011, Spivey was notified that his benefits would be offered as to future benefits in a lump sum payment. Spivey did not respond, and the offer to pay lump sum payments was rescinded. On March 6, 2012, Spivey was notified that his benefits were

terminated effective April 6, 2012. Spivey appealed, and the decision was overturned.

Spivey then was told that his benefits would end August 22, 2012. Spivey appealed, and the denial of benefits was upheld. Spivey then exercised an optional appeal remedy and requested the production of certain documents. That request was not satisfied.

## IV. DISCUSSION

As earlier stated, two of the Motions to Dismiss pending before the court seek dismissal of parties, namely, Cigna Group Insurance and Cigna Corporation. The remaining Motion to Dismiss is for failure to state a claim in Count II of the Complaint. The court begins with the Motions to Dismiss as to the two corporate Defendants for lack of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding district court has discretion to consider matters of personal jurisdiction before subject-matter jurisdiction).

### A. Motions to Dismiss for Lack of Personal Jurisdiction

LINA contends that it is the only proper insurer-defendant in the case and moves to dismiss Cigna Group Insurance, stating that Cigna Group Insurance is not a legal entity subject to service of process, does not function in any legal capacity, and is only a service mark for LINA. Cigna Corporation moves for dismissal on its own behalf and argues that it did not issue the policy at issue in this case, does not do business in the State of Alabama, and is not an insurance company. Both motions rely on an affidavit of Franklin C. Barlow, Accounting Director for Cigna Corporation.

Spivey moves to strike the evidence relied on by Cigna Corporation in seeking its dismissal, or moves in the alternative for the court to consider Cigna Corporation's motion as

one for summary judgment.[2]  The Motion to Strike, and the alternative motion, are not well-taken with respect to the personal jurisdiction challenges, however, because the court can consider evidence outside of the pleadings in evaluating a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (stating "a judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue, and ineffective service of process.").  Therefore, the Motion to Strike Doc. 11-2 or, in the Alternative, to Convert Defendant's Motion to Dismiss Cigna Corporation from a Motion to Dismiss to a Motion for Summary Judgment is due to be DENIED, and the court will consider the Defendants' evidence in evaluating whether there is personal jurisdiction over Cigna Corporation and Cigna Group Insurance.

With respect to Cigna Corporation, the affidavit of Franklin C. Barlow states that Cigna Corporation is a holding company, that it does not offer insurance products to the public, it does not do business in the State of Alabama, has no office in Alabama, does not pay income tax in Alabama, has no employees in Alabama, and does not conduct business through any of its subsidiaries in Alabama.  (Doc. #11-2 at ¶¶3,5).  Cigna Corporation cites to a decision in which similar evidence was presented, and in which the court found that Cigna Corporation is not subject to personal jurisdiction in Alabama.  *See Melech v. Life Ins. Co. of N. Am.*, No. 10-573-KD-M, 2011 WL 1047716 (S.D. Ala. March 1, 2011) (Report and Recommendation adopted in No. 10-573-KD-M, 2011 WL 995821 (March 18, 2011)).

Spivey's evidence in opposition to the Cigna Corporations's evidence is an affidavit from

---

[2] Spivey does not seek to preclude the consideration of evidence relative to the status of Cigna Group Insurance.

his attorney in which the attorney states that "[b]ased upon personal belief, experience and prior dealings with Cigna Corporation" the following list of allegations "was set forth within the Plaintiff's Complaint." (Doc. #22 at ¶2).  Among the allegations identified in the affidavit as being contained in the Complaint is a statement that Cigna entities are alter egos of one another and that the Cigna entities state that they are not proper parties in cases to avoid the production of documents related to control over the personnel who manage ERISA claims. (Doc. #22 at p.2).  The affiant, however, does not state that the allegations identified are facts within his personal knowledge, but merely states that the statements were set forth in the Complaint.  In the context of jurisdictional challenges, "affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief . . . ." *Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F. Supp. 907, 910 (N.D. Ga. 1988).

     Cigna Corporation's Motion to Dismiss for lack of personal jurisdiction places the burden on Spivey to establish that personal jurisdiction comports with (1) the forum state's long-arm provision and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution. *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992).  Due process requires, first, that the defendant have "certain minimum contacts" with the forum state and, second, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 618 (1990).

     The only evidence based on personal knowledge in this case, set out above, that Cigna Corporation does not due business in Alabama, does not offer products or services in Alabama,

and does not conduct business through subsidiaries in Alabama, demonstrates that Cigna Corporation does not have sufficient minimum contacts with the State of Alabama. *See Melech*, 2011 WL 1047716 at *7. This evidence, furthermore, is not controverted by any evidence based on personal knowledge offered by Spivey. Therefore, the court concludes both that an evidentiary hearing is not necessary, and that Cigna Corporation's motion is due to be GRANTED.

In addition, the only evidence based on personal knowledge provided to the court regarding Defendant Cigna Group Insurance is that Cigna Group Insurance is not a separate legal entity subject to process. Franklin C. Barlow states in his affidavit that "Cigna Group Insurance" is not a legal entity, but is a registered service mark of Cigna Intellectual Property, Inc. (Doc. #13-2 at ¶4). This evidence is not controverted by any evidence based on personal knowledge offered by Spivey. Therefore, the Motion to Dismiss Cigna Group Insurance is also due to be GRANTED.

Having concluded that Cigna Corporation and Cigna Group Insurance are due to be dismissed for lack of personal jurisdiction,[3] the court will not address the other grounds for dismissal of those Defendants raised in the Motions to Dismiss.

### B. Motion to Dismiss Count II for Failure to State a Claim

The Motion to Dismiss Count II of the Complaint asserts that the breach of fiduciary duty claim in Count II, brought pursuant to § 1132(a)(3) should be dismissed because Spivey has

---

[3] Because the dismissals are without prejudice, this Memorandum Opinion and Order does not foreclose a later, and otherwise properly filed, attempt to add a party, should it become appropriate. The court's findings in this Memorandum Opinion and Order also are not a determination of the scope of discoverable evidence in the case.

8

adequate remedies under § 1132 (a)(1)(B), and has asserted such a claim in Count I.

The law established by the Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), is that an equitable claim under §1132(a)(3) can only be asserted when there is no other available remedy under § 1132(a)(1). *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999). Therefore, "an ERISA plaintiff with an 'adequate remedy' . . . could not alternatively plead and proceed under" § 1132 (a)(3). *Jones v. Am. Gen. Life and Acc. Ins. Co.*, 370 F.3d 1065, 1072-73 (11th Cir. 2004).

Spivey argues that *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011), has changed the rule, so that now a claim for benefits under an ERISA plan can be pursued along with an equitable claim for plan benefits. Spivey cites to no cases which have adopted his reading of *Amara*. Spivey urges the court to certify this issue for appeal.

The moving Defendants have cited to cases in which courts have determined that *Amara* did not alter the rule in *Varity Corp. See, e.g., Biglands v. Raytheon Employee Savings and Inv. Plan*, 801 F. Supp. 2d 781, 786 (N.D. Ind. 2011). Those cases are consistent with this court's reading of *Amara*. In *Amara*, the Supreme Court reasoned that the availability of a plan benefit remedy was an "obstacle" to the district court's awarding equitable relief in that case, and that the obstacle had been removed by the Court's determination that plan benefits were not an available remedy. *Id.* at 1878. Before determining that equitable relief was appropriate, the Court concluded that the district court's awarding of plan benefits was improper because it was done pursuant to a reformation of the plan's terms. *Id.* at 1878. In other words, the equitable remedy was available in that case because there was no remedy available under the terms of the plan, which is consistent with the rule applied in the Eleventh Circuit that equitable relief is not

available if an ERISA plaintiff has an adequate remedy under § 1132(a)(1)(B).

Furthermore, the equitable relief in the form of reformation which was recognized in *Amara* is not sought in this case,[4] so the Eleventh Circuit's application of the rule in *Varity Corp.* controls. *See Fitch v. Unum Life Ins. Co.*, 913 F. Supp. 2d 1253, 1263 (N.D. Ala. 2012) (finding that to the extent that a plaintiff seeks the payment of life insurance benefits under an equitable theory, the claim is barred under *Varity Corp*.). The Motion to Dismiss Count II is, therefore, due to be GRANTED. There being no published authority cited which supports Spivey's interpretation of *Amara*, the court declines to certify this decision for appeal.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss Count II of the Plaintiff's Complaint (Doc. #9) is GRANTED and Count II is DISMISSED.

2. The Motion to Dismiss Cigna Corporation (Doc. #11) is GRANTED and Cigna Corporation is DISMISSED without prejudice.

3. The Motion to Dismiss Cigna Group Insurance (Doc. #13) is GRANTED and Cigna Group Insurance is DISMISSED without prejudice.

4. The Plaintiff's Motion to Strike Doc. 11-2 or, in the Alternative, to Convert Defendant's Motion to Dismiss Cigna Corporation from a Motion to Dismiss to a Motion for Summary Judgment (Doc. #21) is DENIED.

---

[4] The Complaint seeks an injunction from further breaches of fiduciary duties, a direction to exercise reasonable care in the administration of the Plaintiff's claim, and recovery on claims for surcharge-type remedies. (Doc. #1 at p.23).

Done this 12th day of September, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE