IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RYAN D. SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 2:13cv461-WHA |
| LIFE INSURANCE COMPANY OF NORTH ) | (wo) |
| AMERICA AND UNITED TECHNOLOGIES) | |
| CORPORATION WELFARE BENEFITS ) | |
| PLAN, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  PROCEDURAL HISTORY**

This cause is before the court on a Motion to Suspend, Alter or Vacate the Court's Order Dismissing Cigna Corporation Pending Completion of Limited Discovery on Agency Jurisdiction (Doc. #32), and a Motion for Leave to File a Reply to Cigna's Supplemental Brief (Doc. #55).

The Plaintiff, Ryan D. Spivey ("Spivey"), filed a Complaint in this case on June 28, 2013 bringing claims under the Employee Retirement Income Security Act ("ERISA").

Cigna Corporation ("Cigna") was originally named as a Defendant in this case and moved for dismissal on the basis of a lack of personal and subject matter jurisdiction, improper venue, and failure to state a claim.  Defendant Life Insurance Company of North America ("LINA"), moved to dismiss Defendant Cigna Group Insurance on the basis of a lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim.  LINA and Defendant United Technologies Corporation Welfare Benefits Plan moved to dismiss Count II of the Complaint for failure to state a claim.  The court granted the Motion to Dismiss Count II, and dismissed Cigna and Cigna Group Insurance, finding lack of personal

jurisdiction over those defendants.

Spivey has now asked the court to vacate its previous ruling and allow him to conduct discovery to demonstrate that personal jurisdiction exists over Cigna.

The court held oral argument on the pending motion, gave the parties an opportunity to attempt to come to a resolution on the scope of some disputed discovery, and then allowed for additional briefing on the issue of jurisdictional discovery.

After oral argument, LINA stated in a letter to Spivey that "to the extent Plaintiff seeks compensation information for the individuals involved in the termination of Plaintiff's claim, narrowly tailored and designed to elicit the information produced in *Melech*, LINA will agree to provide non-privileged responsive information regarding compensation of those individuals who were involved in the termination at issue if an appropriate Confidentiality Agreement and Protective Order is in place."  Ex. A to Doc. #54.

## II. DISCUSSION

Although Spivey labels his filing as a "Motion to Suspend, Alter or Vacate," the court interprets this to be a motion to reconsider its previous ruling that personal jurisdiction does not exist over Cigna in this case.   A motion to reconsider may fall within either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment).   "A motion to reconsider is not a vehicle for rehashing arguments the court has already rejected or for attempting to refute the basis for the court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F.Supp.2d 1353, 1359 (M.D. Fla. 2012).

Spivey's evidence in opposition to Cigna's evidence at the Motion to Dismiss stage was an affidavit from his attorney in which the attorney states that "[b]ased upon personal belief, experience and prior dealings with Cigna Corporation" the following list of allegations "was set

2

forth within the Plaintiff's Complaint." (Doc. #22 at ¶2). Among the allegations identified in the affidavit as being contained in the Complaint is a statement that Cigna entities are alter egos of one another and that the Cigna entities state that they are not proper parties in cases to avoid the production of documents related to control over the personnel who manage ERISA claims. (Doc. #22 at p.2). The court concluded that evidence presented by Spivey was insufficient. *See* Doc. #30 at p.7 (stating, that "[t]he affiant, however, does not state that the allegations identified are facts within his personal knowledge, but merely states that the statements were set forth in the Complaint.") (citing *Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F. Supp. 907, 910 (N.D. Ga.1988)).

In finding that personal jurisdiction does not exist over Cigna in this case, the court considered the affidavit of Franklin C. Barlow, which states that Cigna Corporation is a holding company, that it does not offer insurance products to the public, it does not do business in the State of Alabama, has no office in Alabama, does not pay income tax in Alabama, has no employees in Alabama, and does not conduct business through any of its subsidiaries in Alabama. (Doc. #11-2 at ¶¶3,5). The court also considered a decision in which similar evidence was presented, and in which the court found that Cigna is not subject to personal jurisdiction in Alabama. *See Melech v. Life Ins. Co. of N. Am.*, No. 10-573-KD-M, 2011 WL 1047716 (S.D. Ala. March 1, 2011) (Report and Recommendation adopted in No. 10-573-KD-M, 2011 WL 995821 (March 18, 2011)).

In the motion now pending before the court, Spivey requests that the court reconsider its earlier finding. Plaintiff attaches discovery requests and further asks for the opportunity to conduct a Rule 30(b)(6) deposition of Cigna. In support of his argument that he is entitled to such discovery, he relies on the same affidavit of his counsel which the court found insufficient in its previous Memorandum Opinion and Order. (Doc. #32 at p.4, 5).

At the oral argument on the motion, counsel for Spivey stated that he wants to discover the compensation structure, including pay and incentives, for the claims handlers involved in this case, but will not be able to do so without Cigna in the case.

In Spivey's supplemental briefing, he points to some evidence other than his own counsel's affidavit. Spivey argues that depositions taken in other cases suggest that the performance of claims personnel is measured at least occasionally by how many claims they can close on a periodic basis. Spivey argues, therefore, that he needs to do discovery to find whether the individuals who handled his claim closed it due to pressure to meet organizational objectives tied to company profitability. Of course, even this argument does not establish that such evidence is only discoverable with Cigna in the case, or, more important, that Cigna is properly a defendant in this case. Spivey also points the court to *Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079 (M.D. Ala. 2006), and argues that in this case, as in *Anderson*, the actual decision maker is not the entity which has the plan's grant of authority, requiring a *de novo* standard of review. He also contends that the discovery identified in the letter from Defense counsel, including the evidence produced in the *Melech* case, is insufficient to address the issues of discretionary authority and specific conflict.

In his most recent filing, Spivey states that LINA has failed to respond to discovery requests which he included as part of the motion to set aside Cigna's dismissal.

In response to Spivey's briefs, LINA states that it has advised Spivey in writing that it will provide compensation information for the claims personnel who made the ultimate decision to terminate Spivey's claim, subject only to the receipt of discovery requests and pursuant to a Protective Order, and will not object based on custody or control. LINA contends that issues raised by Spivey such as the scope of conflict discovery and the standard of review are premature

at this point.   LINA points out that in other decisions in which the jurisdictional issue was raised as to Cigna, including cases in which jurisdictional discovery was allowed, personal jurisdiction has not been found over Cigna.   *See, e.g., Nat'l Production Workers Union Trust v. Cigna Corp.*, No. 05-C-5415m 2007 WL 1468555, at *5 (N.D. Ill. May 16, 2007).

As previously noted, the instant request to conduct discovery comes after the court has already ruled on a Motion to Dismiss for lack of jurisdiction.   Essentially, Spivey seeks to vacate that ruling, and conduct discovery to establish that Cigna is a proper defendant in this case, so that Spivey will have full access to merits discovery.   Upon consideration of all of the briefing, oral argument, and admissible evidence presented, bearing in mind that the Eleventh Circuit has recognized a "qualified right to conduct jurisdictional discovery," *Posner v. Essex Ins. Co*., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999), the court concludes that Spivey has not met his burden to show that he is entitled to jurisdictional discovery in this case.

Spivey's supplemental brief focuses on discovery that he wants to obtain to prove standard of review and conflict of interest, rather than discovery which would contradict Franklin Barlow's affidavit as to Cigna's relationship to LINA.   In some instances, Spivey's briefing ignores the jurisdictional issue altogether.   *See, e.g.*, Doc. #48 at p.20 (identifying testimony offered in another case as being by "Cigna's and/or LINA's own employees.").   The standard of review argument he advanced is based on the *Anderson* case, which involved entities other than Cigna, and so does not identify evidence discoverable in this case.   Furthermore, after the oral argument on Spivey's motion, during which counsel for Spivey stated that he wants to discover the compensation structure, including pay and incentives, for the claims handlers involved in this case, LINA has stated that "to the extent Plaintiff seeks compensation information for the individuals involved in the termination of Plaintiff's claim, narrowly tailored and designed to elicit the

5

information produced in *Melech*, LINA will agree to provide non-privileged responsive information regarding compensation of those individuals who were involved in the termination at issue if an appropriate Confidentiality Agreement and Protective Order is in place."   Ex. A to Doc. #54.   At this point in the litigation, arguments that Spivey will not be able to obtain other discovery he needs to prove standard of review and specific conflict are premature, and in any event, do not demonstrate that there is a basis for finding that discovery will establish personal jurisdiction over Cigna in this case.

While Spivey has forecast that there will be discovery disputes, those disputes can be settled in the normal course of the litigation of this case.   Furthermore, while he states that LINA has not been responsive to the proposed discovery attached to the Motion to Vacate, the court does not consider the attached requests as a discovery request within the meaning of the Federal Rules of Civil Procedure.   Discovery will proceed in accordance with the Rules, and the Uniform Scheduling Order to be entered by the court.

Although conflict and standard of review discovery issues are not before the court at this time, the court does note that LINA has shown that it issued the insurance policy and that it is the entity responsible for adjudicating and paying claims for benefits under the policy.   Counsel for Spivey has never made it clear to the court why full discovery relating to standard of review and conflict of interest cannot be obtained through appropriate discovery, and any relief to which Spivey may be entitled under applicable ERISA law recovered, without having Cigna as a named party, even if there were personal jurisdiction over Cigna.   In any event, there is no personal jurisdiction over Cigna, it has been dismissed without prejudice, and it is time for this case to move on.

### III.  CONCLUSION

Finding that Spivey has not established a basis for vacating the court's previous order, or any basis for a finding by the court that discovery will lead to evidence which contradicts the admissible evidence in the record regarding Cigna and LINA's corporate relationship which was relied upon in that previous order, it is hereby ORDERED as follows:

1. The Motion for Leave to File a Reply (Doc. #55) is GRANTED.

2. The Motion to Suspend, Alter or Vacate the Court's Order Dismissing Cigna Corporation Pending Completion of Limited Discovery on Agency Jurisdiction (Doc. #32) is DENIED.

Done this 12th day of December, 2013.

                                          /s/ W. Harold Albritton  
                                        W. HAROLD ALBRITTON  
                                        SENIOR UNITED STATES DISTRICT JUDGE